IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAVIER P. MARQUEZ,           } | |
| } | |
| Plaintiff,              } | |
| } | CIVIL ACTION NO. |
| v.                               } | 2:12-CV-00492-WMA |
| } | |
| TYSON FOODS, INC.,          } | |
| } | |
| Defendant.           } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant Tyson Foods, Inc. ("Tyson")(incorrectly identified in the complaint as "Tyson Farms, Inc.")to dismiss three of the four claims brought by plaintiff Javier P. Marquez ("Marquez"). Doc. 6. Marquez brought suit against Tyson for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq.*, fraud, outrage, and defamation. Tyson moves to dismiss all but the Title VII claim. For the reasons stated below, defendant's motion will be granted as to the fraud and defamation claims but will be denied as to the outrage claim.

**Background**[1]

Marquez, who is Hispanic, was an employee at Tyson's plant in Blountsville, Alabama when he was terminated on December 22, 2010 for an incident that took place on December 16, 2010. Plaintiff was in the break room on a scheduled break from work when he found a

---

[1] Because the motion before the court is to dismiss the claims, the court must view the complaint in the light most favorable to the plaintiff.

package of earplugs. He took the earplugs out of their package and began making designs on the table with the string. When he left to return to his work station, he, without thinking, draped the string over an air conditioning fixture and left the room. He later found out that the earplug string was in the shape of a noose.

About an hour later Marquez was summoned to a meeting in the plant office with two management personnel, Jan Casey and Albert Del Carmen. They asked if he had hung the earplugs in the break room. He replied that he had. Marquez did not realize anything was offensive about the way the string was hanging, so he never denied it. When Casey and Del Carmen asked why he had hung the earplugs that way, Marquez responded that he had been bored and was simply making designs with the string. They then began to ask if he understood its offensive nature. Marquez insisted that he did not, and that he meant nothing by it. Casey then said "[d]on't you understand that they used to hang people in the United States with these things?" Marquez said that he did not, and that in Mexico it was common and not at all offensive to make such designs with string. Marquez had never been involved in any sort of racial incident. There was no evidence that the design was directed at anyone, but Tyson suspended Marquez for 3 days. When Marquez returned to work on December 22, he was fired with the incident given as the reason.

Marquez subsequently filed a claim for unemployment benefits with the Alabama Department of Industrial Relations ("ADIR")

Unemployment Compensation Division. He was initially awarded unemployment compensation but Tyson appealed the decision. As a result of the appeal, a hearing was held with Del Carmen serving as Tyson's representative. According to Marquez, Del Carmen

> "deliberately misrepresented what the Plaintiff had stated about the design with string not being uncommon in Mexico by stating: '. . . he responded to me that in Mexico they hang people all the time. I informed Mr. Marquez he was not in Mexico, he was in the United States of America, and we, our policy here at Tyson prohibits that.'"

Doc. 1 ¶ 10. Marquez maintains that he did not make this statement and that it was a misrepresentation made with intent to establish a false basis to fire him. Del Carmen then continued to make misrepresentations about Marquez by saying that he admitted to engaging in "horseplay"- a term set out in the disciplinary rule used to fire Marquez but which Marquez never admitted to engaging in.

Tyson never produced evidence to Marquez or to the Unemployment Compensation Division that the earplug design was accompanied by an offensive remark, gesture, or activity to suggest a racial slur. Marquez has experienced much distress regarding his termination and the accusations Tyson made regarding the violent symbol he allegedly made.

Tyson has moved to dismiss Marquez's fraud, defamation, and outrage claims. It concedes that the claim under Title VII is not subject to a Rule 12(b)(6) motion and is due to be answered.

**Fraud Claim**

Marquez's complaint fails to properly plead the elements of fraud. The Supreme Court of Alabama states that the elements of fraud are: "(1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably **relied on by the plaintiff** under the circumstances, and (4)that caused damage as a proximate consequence." *McCutcheon Co., Inc v. Media General, Inc.,* 988 So.2d 998 at 1001 (Ala. 2008) (emphasis added). Marquez's complaint does not claim that he relied on Tyson's misrepresentation. Instead, he alleges that the ADIR Unemployment Compensation Agency relied on the misrepresentations. Furthermore, his response to defendant's motion to dismiss even concedes that he did not rely on any misrepresentations.

A similar situation came before Honorable C. Lynwood Smith of this court earlier this year: plaintiff claimed that defendant committed fraud when it allegedly made false statements to the ADIR. *See Huddleston v. Sunshine Mills, Inc.*, CV-11-S-4329-NW (N.D. Ala. April 10, 2012), 2012 U.S.Dist. LEXIS 53023. The court dismissed plaintiff's fraud claim pursuant to 12(b)(6) because the ADIR had relied on the false statements rather than plaintiff; therefore, plaintiff had not met the elements of a fraud claim. This case warrants the same result: a dismissal under 12(b)(6) because Marquez has failed to plead a claim upon which relief can be granted.

In his response to Tyson's motion, Marquez describes a situation in which he relied on an alleged misrepresentation by Tyson regarding his suspension, but these allegations do not appear in his complaint. This is not the proper time to plead a new claim; therefore, the court will not consider these allegations in dismissing plaintiff's fraud claim.

**Defamation**

Marquez does not state a valid defamation claim. His claim is based on allegedly false and misleading statements made in an unemployment compensation hearing with the ADIR. However, Alabama Code § 25-4-116[2] provides that communications made in connection with the administration of the Department of Industrial Relations are absolutely privileged and cannot form the basis for a defamation claim. The 11th Circuit has held that under Ala. Code 25-4-116, communications made during an unemployment compensation hearing of the ADIR fall under the statute and thus are absolutely privileged and cannot form the basis for an action for defamation. *See Watters v. Louisiana Pacific Corp.*, 156 F. App'x 177 (11th Cir. 2005). *See also Huddleston v. Sunshine Mills, Inc.*, CV-11-S-4329-NW (N.D. Al. April 10, 2012), 2012 US Dist. LEXIS 53023 for a similar

---

[2] The statute, which is in the title 25, governing Industrial Relations and Labor, and article 4, governing unemployment compensation provides "[a]ll letters, reports, communications, and other matters, written or oral, from employer or employee to each other or to the director or any of his agents, representatives, or employees, or to any official or board functioning under this chapter, which shall been written, sent, delivered, or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court."

holding.

Marquez cites cases that he claims demonstrate that testimony in an unemployment compensation hearing is not privileged. *See Ex Parte Mardis*, 628 So.2d 605 (Ala. 1993) and *Thorne v. Big "D" Discount Auto Parts of Daleville*, 92 F.R.D. 55 (M.D. Ala. 1981). His assertions are inapplicable in this context. As Tyson says, "[a]lthough Plaintiff quoted *Ex Parte Madris* accurately, he should have read the case." Doc. 15 at 8. These cases deal with evidentiary privilege and hold that testimony in an unemployment compensation hearing is not privileged when sought for use as evidence in a lawsuit. *Ex Parte Madris* deals with evidence in a sexual harassment lawsuit, and *Thorne* deals with evidence in an action under the Fair Labor Standards Act. Neither deals with using testimony from an unemployment compensation hearing as the basis for a defamation lawsuit, and thus both are inapplicable.

Marquez also argues that "even if some sort of privilege attaches to the unemployment compensation hearing testimony it is a qualified privilege that can be defeated by the showing of actual malice." Doc. 11 at 6. Once again, the cases he cites are inapplicable.[3] Additionally, the 11th Circuit has held that this privilege is absolute. *See Watters* 156 F. App'x 177 (2005).

---

[3]*Wiggins v. Mallard* deals with privileges in the newspaper publication of criminal information and is not informative regarding the privilege of ADIR testimony. 905 So.2d 776 (Ala. 2004). *Kenny v. Gurley* examines whether letters sent by a school to a student's parents are privileged so that they can not be the basis for a libel claim. 95 So. 34. (1923) This case is irrelevant to the court's analysis, and it was overruled 12 years ago by *Ex parte Blue Cross and Blue Shield of Alabama*, 773 So. 2d 475. (Ala. 2000).

The communications Marquez attempts to use as the basis of his defamation claim are prohibited by Alabama law from forming the basis of a defamation claim. Therefore, Marquez has not pled a defamation claim upon which relief can be granted and Tyson's motion to dismiss this claim will be granted.

**Outrage**

In order to recover for the tort of outrage, a plaintiff must demonstrate that the defendant's conduct was "(1) intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Potts v. Hayes*, 771 So.2d 462 (Ala. 2000). Marquez has met these elements for purposes of surviving a motion to dismiss. He alleges that Tyson made false representations that he was dishonest and racist and that he thought nothing was wrong with hanging a person. Additionally, he was terminated because of these false accusations. Although it is extremely difficult to succeed on a claim of outrage, it is possible, that with more facts, Marquez could succeed on this claim.

Defendant argues that the Alabama Supreme Court has precluded at-will termination from being the basis for a claim of outrage. *See Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833 and *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381 (Ala. 1986). However, if the reasons for Marquez's termination contravene public policy, then it is possible for a claim based on the tort of outrage to succeed. *See Id.* Neither party cites any authority that plaintiff's

termination offends the public policy of Alabama; however, at this point, particularly since the claim involves the touchy issues of race, the court can not eliminate the possibility that it might.

For these reasons, Tyson's motions to dismiss Marquez's claims for fraud and defamation will be granted, and Tyson's motion to dismiss Marquez's claim for outrage will be denied.

DONE this ___26th___ day of September, 2012

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE